(83 South. 374)

No. 23802.

STATE v. NAILOR.

(Dec. 1, 1919.)

*(Syllabus by Editorial Staff.)*

1. CRIMINAL LAW ⬤⟿419, 420(12)—CONTENTS OF LETTER HEARSAY.

The contents of a letter written by a third person concerning accused cannot be read to the jury, being hearsay, unless the person who wrote the letter is produced to testify and to be cross-examined.

2. CRIMINAL LAW ⬤⟿1124(4) — DENIAL OF NEW TRIAL NOT REVIEWABLE, RECORD NOT SHOWING EVIDENCE ON MOTION.

Refusal to grant new trial on the ground of newly discovered evidence cannot be reviewed on appeal, where no evidence is annexed to the bill of exceptions showing any new matter discovered, or that any evidence was submitted to the trial judge in support of the motion apart from what he had heard from the witnesses on the trial of the case.

3. CRIMINAL LAW ⬤⟿101(2) — TRANSFER OF PROSECUTION FROM ONE DIVISION TO ANOTHER.

Const. art. 139, in giving exclusive control over a case allotted to a certain division of the criminal district court for the parish of Orleans to the judge of that division, does not exclude that judge, for reasons stated in the Constitution, from transferring a case under his control to a judge of the other division, where the latter and the accused consent to such transfer.

Appeal from Criminal District Court, Parish of Orleans; Arthur Landry, Judge ad hoc.

John Nailor was convicted of embezzlement, and appeals. Affirmed.

Henry O. Hollander, of New Orleans, for appellant.

A. V. Coco, Atty. Gen., Chandler C. Luzenberg, Dist. Atty., and B. J. Daly, Asst. Dist. Atty., both of New Orleans (T. Semmes Walmsley, Asst. Atty. Gen., of counsel), for the State.

SOMMERVILLE, J. Defendant relies upon five bills of exceptions for a reversal of the verdict finding him guilty of embezzlement, and a sentence condemning him to a term in the penitentiary.

[1] Bills numbered 1, 2, and 3 were taken to the court's ruling that the contents of a certain letter, the writer of which did not appear as a witness, could not be given and read to the jury. It would appear that the state did not object to the testimony that a letter had been received concerning the defendant. The objection was to the contents of the letter being read to the jury. The contents of the letter were plainly hearsay, and therefore inadmissible. No one could testify that he heard some one say that the accused was in a certain place at a certain date. If such evidence were to be placed before a jury, the person who wrote the letter referred to must be produced to testify and to be cross-examined. The ruling of the court was correct.

In volume 1 of Wharton's Criminal Evidence, par. 225, p. 451, it is said:

"Par. 225. *Repeated Testimony of Nonwitnesses Generally not Admissible.*—Extrajudicial statements of third persons cannot be proved by hearsay, unless such statements were part of the res gestæ, or made by a deceased person in the course of business, or are admissions against interest, or are material for the purpose of determining the state of mind of a party who cannot be examined in court. In this sense, as hearsay, are to be considered the opinions of others as to the wealth and status of an individual; letters from nonresidents. * * *

"There is no reason to receive hearsay statements because the person making them is dead (save under limitations hereafter noted), or because he was called as a witness and, being taken suddenly ill, was unable to attend

the trial, or because he was legally incompetent as a witness."

[2] Bill of exceptions numbered 4 was reserved to the refusal of the judge to grant a new trial. There is nothing in this bill that the court can consider. There is no evidence annexed to the bill of exceptions showing any new matter discovered since the conviction of the defendant, or that any evidence was submitted to the trial judge in support of the motion apart from what he had heard from the witnesses on the trial of the case.

[3] Bill of exceptions numbered 5 was reserved to the court's refusing to sustain a motion in arrest of judgment. The motion seems to have been based upon the fact that this case was originally allotted to section A of the criminal district court, and that it had been improperly transferred to, and tried in, section B of that court.

Article 139 of the Constitution gives to the criminal district court for the parish of Orleans exclusive original jurisdiction for the trial and punishment of all offenses when the penalty is death, imprisonment at hard labor, or imprisonment without hard labor for any time exceeding six months or a fine exceeding $300 may be imposed, etc. And again:

"All prosecutions instituted in, and all cases appealed to said criminal district court shall be equally allotted or assigned by classes among the judges, and each judge, or his successor, shall have exclusive control over any case allotted or assigned to him, from its inception to its final determination in said court, except as herein otherwise provided. * * *" And the court shall have authority "to adopt rules not in conflict with law, regulating the order of preference, and proceedings in the trial of cases, and the method of allotting such cases, and of reallotting and reassigning them, in case of vacancy in the office, resignation, absence or disability of one or more of the judges, or in case such action is deemed necessary for the proper administration of justice."

The record shows that after the allotment of this case to division A that in anticipation of the adjournment of that division for three months, and in the absence of the judge during that time, the case was reallotted, or transferred, to section B, in open court, by and with the consent of the defendant then and there present. All of which was done, apparently, under the rules of the court which had been previously adopted.

The Constitution in giving exclusive control over a case allotted to a certain division to the judge of that division does not exclude that judge, for reasons stated in the Constitution, to transfer a case under his control to the judge of the other division, where the latter and the accused consent to such transfer.

Under such circumstances, it cannot be said that jurisdiction was given by consent.

Defendant further argues that the judge erred in failing to give certain instructions to the jury. But the charge of the judge is not before us, there appears to have been no objection made to the charge by the defendant in the course of the trial, and there is no bill of exceptions reserved on the point.

The judgment appealed from is affirmed.

O'NIELL, J., concurs in the decree on the ground that the letter, the contents of which, being hearsay evidence, were not admissible in evidence, was not introduced in evidence, and defendant's attorney therefore had no right to read the letter to the jury.